**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JUL 1 4 2009

SPH AMERICA, LLC,
a Virginia company,

       Plaintiff,

     v.

APPLE, INC.,
a California company;

CASIO COMPUTER CO., LTD.,
a Japanese company;

CASIO AMERICA, INC.,
a New York company;

MOTOROLA, INC.,
a Delaware company;

NOKIA CORPORATION,
a Finnish company;

NOKIA INC.,
a Delaware company;

PALM, INC.,
a Delaware company;

PERSONAL COMMUNICATIONS
DEVICES, LLC,
a Delaware company;

PERSONAL COMMUNICATIONS
DEVICES HOLDINGS, LLC,
a Delaware company;

SHARP CORPORATION,
a Japanese company;

SHARP ELECTRONICS CORPORATION,
a New York company;

Civil Action No. 1:09 cv 776
LmB/JFA

JURY TRIAL DEMANDED

SONY ERICSSON MOBILE
COMMUNICATIONS AB,
a Swedish company;

SONY ERICSSON MOBILE
COMMUNICATIONS (USA) INC.,
a Delaware company;

UTSTARCOM, INC.,
a Delaware company;

VERTU GROUP, LLC,
a British company;

ZTE Corporation,
a Chinese company;

and

ZTE (USA) Inc.,
a New Jersey company.

                    Defendants.

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff SPH America, LLC ("SPH America") brings this action for patent infringement against Apple, Inc., Casio Computer Co., Ltd., Casio America, Inc., Motorola, Inc., Nokia Corporation, Nokia Inc., Palm, Inc., Personal Communications Devices, LLC, Personal Communications Devices Holdings, LLC, Sharp Corporation, Sharp Electronics Corporation, Sony Ericsson Mobile Communications AB, Sony Ericsson Mobile Communications (USA) Inc., UTStarcom, Inc., Vertu Group, LLC, ZTE Corporation, and ZTE (USA) Inc. (individually and/or collectively "Defendants") as set forth below.

## **THE PARTIES**

1.       Plaintiff SPH America is a Virginia limited liability company and has a regular and established place of business at 8133 Leesburg Pike, Suite 640, Vienna, Virginia.  SPH

America is the exclusive licensee having all substantial rights to a portfolio of patents related

to communication devices, including United States Patent Nos. 6,212,408 and 6,278,887

(collectively, the "Patents-in-Suit"), which are owned by Development Innovation Group,

LLC ("DIG"), a Delaware limited liability company.

      2.     On information and belief, Apple Inc. ("Apple") is a corporation organized and

existing under the laws of the State of California, with its principal place of business at 1

Infinite Loop, Cupertino, California 95104. On information and belief, Apple designs,

manufactures, uses, sells, imports, and/or distributes wireless communications products

accused of infringement herein.

      3.     On information and belief, Casio Computer Co., Ltd. is a company organized

and existing under the laws of Japan, with its principal place of business at 6-2, Hon-machi 1-

chome, Shibuya-ku, Tokyo 151-8543, Japan. Casio America, Inc., on information and belief,

is a wholly-owned subsidiary of Casio Computer Co., Ltd. and incorporated under the laws of

the State of New York, with its principal place of business at 570 Mount Pleasant Avenue,

Dover, NJ 07801. Casio Computer Co., Ltd. and Casio America, Inc. will be referred to

herein individually and collectively as the "Casio Defendants." On information and belief,

the Casio Defendants design, manufacture, use, sell, import, and/or distribute wireless

communications products accused of infringement herein.

      4.     On information and belief, Motorola, Inc. ("Motorola") is a corporation

organized and existing under the laws of Delaware, with its principal place of business at

1303 East Algonquin Road, Schaumburg, Illinois 60196. On information and belief,

Motorola designs, manufactures, uses, sells, imports, and/or distributes wireless

communications products accused of infringement herein.

5.      On information and belief, Nokia Corporation is a Finnish Corporation, with its principal place of business at Keilalahdentie 4, P.O. Box 226, FI-00045 Nokia Group, Espoo, Finland. Nokia Inc., on information and belief, is a wholly-owned subsidiary of Nokia Corporation and incorporated under the laws of the State of Delaware, with its principal place of business at 6000 Connection Drive, Irving, Texas 75039. Vertu Group, LLC, on information and belief, is a wholly-owned subsidiary of Nokia Corporation and is organized and existing under the laws of the United Kingdom, with its principal place of business at Beacon Hill Road, Church Crookham, Hampshire, GU52 8DY, United Kingdom. Nokia Corporation, Nokia Inc., and Vertu Group, LLC will be referred to herein individually and collectively as the "Nokia Defendants." On information and belief, the Nokia Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

6.      On information and belief, Palm, Inc. ("Palm") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 950 West Maude Avenue, Sunnyvale, CA 94085. On information and belief, Palm designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

7.      On information and belief, Personal Communications Devices Holdings, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 555 Wireless Blvd., Hauppage, NY 11788-3966. Personal Communications Devices, LLC, on information and belief, is a wholly-owned subsidiary of Personal Communications Devices Holdings, LLC and is a limited liability company organized and existing under the laws of the State of Delaware, with its principal

place of business at 555 Wireless Blvd., Hauppage, NY 11788-3966. Personal

Communications Devices Holdings, LLC and Personal Communications Devices, LLC will

be referred to herein individually and collectively as the "PCD Defendants." On information

and belief, the PCD Defendants design, manufacture, use, sell, import, and/or distribute

wireless communications products accused of infringement herein.

       8.     On information and belief, Sharp Corporation is a company organized and

existing under the laws of Japan, with its principal place of business at 22-22 Nagaike-cho,

Abeno-ku, Osaka 545-8522, Japan. Sharp Electronics Corporation, on information and belief,

is a wholly-owned subsidiary of Sharp Corporation and incorporated under the laws of the

State of New York, with its principal place of business at 1 Sharp Plaza, Mahwah, New Jersey

07495-1163. Sharp Corporation and Sharp Electronics Corporation will be referred to herein

individually and collectively as the "Sharp Defendants." On information and belief, the Sharp

Defendants design, manufacture, use, sell, import, and/or distribute wireless communications

products accused of infringement herein.

       9.     On information and belief, Sony Ericsson Mobile Communications AB is a

Swedish company, with its principal place of business at Nya Vattentornet, 221 88 Lund,

Sweden. Sony Ericsson Mobile Communications (USA) Inc., on information and belief, is a

wholly-owned subsidiary of Sony Ericsson Mobile Communications AB, and is incorporated

under the laws of the State of Delaware, with its principal place of business at 7001

Development Drive, Research Triangle Park, NC 27709. Sony Ericsson Mobile

Communications AB and Sony Ericsson Mobile Communications (USA) Inc. will be referred

to herein individually and collectively as the "Sony Ericsson Defendants." On information

and belief, the Sony Ericsson Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

10.    On information and belief, UTStarcom, Inc. ("UTStarcom") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1275 Harbor Bay Parkway, Alameda, CA 94502.  On information and belief, UTStarcom designs, manufactures, uses, sells, imports, and/or distributes wireless communications products accused of infringement herein.

11.    On information and belief, ZTE Corporation is a corporation organized and existing under the laws of China, with its principal place of business at ZTE Plaza, Hi-Tech Road South, Hi-Tech Industrial Park, Nanshan District, Shenzen, China 518057.  ZTE (USA) Inc., on information and belief, is a wholly-owned subsidiary of ZTE Corporation and is incorporated under the laws of the State of New Jersey, with its primary place of business at 33 Wood Avenue South, Iselin, NJ 08830.  ZTE Corporation and ZTE (USA) Inc. will be referred to herein individually and collectively as the "ZTE Defendants."  On information and belief, the ZTE Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

## JURISDICTION AND VENUE

12.    This lawsuit is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

13.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

14.     This Court has personal jurisdiction over Apple, and venue is proper in this District, because Apple does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Apple because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. On information and belief, Apple knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including but not limited to the Apple iPhone 3G S device. In accordance with established distribution channels for the accused products, Apple reasonably anticipated that the accused products would end up in this District and be sold herein.

15.     This Court has personal jurisdiction over the Casio Defendants, and venue is proper in this District, because the Casio Defendants do business in Virginia, and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Casio Defendants because each has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Casio Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this judicial district under various brand names including, but not limited to, the EXILIM, G'zOne Boulder, and CDM8975 devices. In accordance with established distribution channels for the

- 7 -

accused products, the Casio Defendants reasonably anticipated that the accused products would end up in this district and be sold herein.

16.     This Court has personal jurisdiction over Motorola, and venue is proper in this District, because Motorola does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Motorola because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. On information and belief, Motorola knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including, but not limited to, the MOTORAZR VE20, Renegade V950, and MOTO W755 devices. In accordance with established distribution channels for the accused products, Motorola reasonably anticipated that the accused products would end up in this District and be sold herein.

17.     This Court has personal jurisdiction over the Nokia Defendants, and venue is proper in this District, because the Nokia Defendants do business in Virginia, and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Nokia Defendants because each has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Nokia Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this judicial

- 8 -

district under various brand names including, but not limited to, the 6301, 5310, 5610, Constellation, and Signature devices. In accordance with established distribution channels for the accused products, the Nokia Defendants reasonably anticipated that the accused products would end up in this district and be sold herein.

18.     This Court has personal jurisdiction over Palm, and venue is proper in this District, because Palm does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over Palm because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. On information and belief, Palm knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including, but not limited to, the Treo PRO device. In accordance with established distribution channels for the accused products, Palm reasonably anticipated that the accused products would end up in this District and be sold herein.

19.     This Court has personal jurisdiction over the PCD Defendants, and venue is proper in this District, because the PCD Defendants do business in Virginia, and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the PCD Defendants because each has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the PCD Defendants knowingly and intentionally participate in a stream of commerce

into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this judicial district under various brand names including, but not limited to, the EXILIM, G'zOne Boulder, and CDM8975 devices. In accordance with established distribution channels for the accused products, the PCD Defendants reasonably anticipated that the accused products would end up in this district and be sold herein.

20.    This Court has personal jurisdiction over the Sharp Defendants, and venue is proper in this District, because the Sharp Defendants do business in Virginia, and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Sharp Defendants because each has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Sharp Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this judicial district under various brand names including, but not limited to, the Sidekick and Sidekick LX devices. In accordance with established distribution channels for the accused products, the Sharp Defendants reasonably anticipated that the accused products would end up in this district and be sold herein.

21.    This Court has personal jurisdiction over the Sony Ericsson Defendants, and venue is proper in this District, because the Sony Ericsson Defendants do business in Virginia, and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Sony

Ericsson Defendants because each has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Sony Ericsson Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this judicial district under various brand names including, but not limited to, the TM506 and W760a devices. In accordance with established distribution channels for the accused products, the Sony Ericsson Defendants reasonably anticipated that the accused products would end up in this district and be sold herein.

22.    This Court has personal jurisdiction over UTStarcom, and venue is proper in this District, because UTStarcom does business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over UTStarcom because it has established minimum contacts with the forum and the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice. On information and belief, UTStarcom knowingly and intentionally participates in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this District under various brand names including, but not limited to, the Blitz, Shuttle, Arc, and CDM7126 devices. In accordance with established distribution channels for the accused products, UTStarcom reasonably anticipated that the accused products would end up in this District and be sold herein.

23.    This Court has personal jurisdiction over the ZTE Defendants, and venue is proper in this District, because the ZTE Defendants do business in Virginia, and in this

District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the ZTE Defendants because each has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the ZTE Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this judicial district under various brand names including, but not limited to, the C78 and C79 devices. In accordance with established distribution channels for the accused products, the ZTE Defendants reasonably anticipated that the accused products would end up in this district and be sold herein.

## FACTUAL BACKGROUND

24.     The first patent, U.S. Patent No. 6,212,408 (hereinafter "the '408 patent"), is entitled "VOICE COMMAND SYSTEM AND METHOD." The '408 patent generally teaches and claims apparatuses and methods for allowing a communication device to accept voice commands from a user. The '408 patent was duly and legally issued by the United States Patent and Trademark Office on April 3, 2001.

25.     The second patent, U.S. Patent No. 6,278,887 (hereinafter "the '887 patent"), is entitled "SYSTEM AND METHOD FOR POWER CONSERVATION IN A WIRELESS COMMUNICATION HANDSET." The '887 patent generally teaches and claims devices and methods for conserving power in wireless communication handsets. The '887 patent was duly and legally issued by the United States Patent and Trademark Office on August 21, 2001.

26.   DIG has granted SPH America an exclusive license to the Patents-in-Suit. The exclusive license includes all substantial rights to the Patents-in-Suit including the exclusive right to make, use, or sell the patented technology, and the exclusive right to sue for past, current, and future infringements of those patents. DIG has retained no substantial rights in the Patents-in-Suit.

27.   Apple is a well known designer, producer and supplier of wireless communication devices, including but not limited to the iPhone 3G S device. Apple earns substantial revenue each year selling such products in the United States.

28.   The Casio Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the EXILIM, G'zOne Boulder, and CDM8975 devices. The Casio Defendants earn substantial revenue each year selling such products in the United States.

29.   Motorola is a well known designer, producer and supplier of wireless communication devices, including but not limited to the MOTORAZR VE20, Renegade V950, and MOTO W755 devices. Motorola earns substantial revenue each year selling such products in the United States.

30.   The Nokia Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Nokia 6301, 5310, and 5610 devices and the VERTU Constellation and Signature devices. The Nokia Defendants earn substantial revenue each year selling such products in the United States.

31.   Palm is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Treo PRO device. Palm earns substantial revenue each year selling such products in the United States.

32.    The PCD Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the EXILIM, G'zOne Boulder, and CDM8975 devices. The PCD Defendants earn substantial revenue each year selling such products in the United States.

33.    The Sharp Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the Sidekick and Sidekick LX devices. The Sharp Defendants earn substantial revenue each year selling such products in the United States.

34.    The Sony Ericsson Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the TM506 and W760a devices. The Sony Ericsson Defendants earn substantial revenue each year selling such products in the United States.

35.    UTStarcom is a well known designer, producer and supplier of wireless communication devices, including but not limited to the Blitz, Shuttle, Arc, and CDM7126 devices. UTStarcom earns substantial revenue each year selling such products in the United States.

36.    The ZTE Defendants are well known designers, producers and suppliers of wireless communication devices, including but not limited to the C78 and C79 devices. The ZTE Defendants earn substantial revenue each year selling such products in the United States.

37.    Defendants have infringed and continue to infringe, in this District and elsewhere, on SPH America's rights in the Patents-in-Suit, including through the sale and distribution of the aforementioned wireless communications devices.

## COUNT I

### (INFRINGEMENT OF THE '408 PATENT)

38.    SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 37 above.

39.    By virtue of its exclusive license to the '408 patent, SPH America has acquired and continues to maintain all substantial rights to the '408 patent including the right to sue and to recover for infringement.

40.    Defendants are directly infringing, contributing to the infringement of, and/or inducing others to infringe the '408 patent by, for example, making, using, offering to sell, or selling the accused products (or components thereof) or processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

41.    As a result of Defendants' unlawful infringement of the '408 patent, SPH America has suffered and will continue to suffer damages. SPH America is entitled to recover damages adequate to compensate for that infringement.

42.    Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '408 patent. Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

43.    Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## COUNT II

## (INFRINGEMENT OF THE '887 PATENT)

44.    SPH America realleges and incorporates herein by reference the allegations in paragraphs 1 – 43 above.

45.    By virtue of its exclusive license to the '887 patent, SPH America has acquired and continues to maintain all substantial rights to the '887 patent, including the right to sue and to recover for infringement.

46.    Defendants are directly infringing, contributing to the infringement of, and/or inducing others to infringe the '887 patent by, for example, making, using, offering to sell, or selling the accused products (or components thereof) or processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

47.    As a result of Defendants' unlawful infringement of the '887 patent, SPH America has suffered and will continue to suffer damages.  SPH America is entitled to recover damages adequate to compensate for that infringement.

48.    Defendants' acts of infringement herein have been made with full knowledge of SPH America's rights in the '887 patent.  Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

49.    Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SPH America prays that this Court enter judgment:

(1)      That Defendants have infringed United States Patent Nos. 6,212,408 and/or 6,278,887;

(2)      That Defendants' infringement is willful;

(3)      That this is an exceptional case;

(4)      Permanently enjoining and restraining Defendants and their agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with them from directly or indirectly infringing United States Patent Nos. 6,212,408 and/or 6,278,887;

(5)      Awarding to SPH America actual damages, not less than a reasonable royalty, for Defendants' infringement including costs and pre- and post-judgment interest as allowed by law;

(6)      Awarding treble the amount of losses and damages because of the willful, knowing and wanton nature of Defendants' conduct;

(7)      Awarding all costs of this action, including Plaintiff's reasonable attorney's fees and interest; and

(8)      Granting Plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by a jury in this action.

Respectfully submitted,

K. Kevin Mun (VA Bar No. 73247)
Echelon Law Group, PC
1919 Gallows Road, Suite 330
Vienna, Virginia 22182
Telephone: (703) 496-5000
Fax: (703) 579-0105
E-mail: kevin.mun@echelaw.com

Tae H. Kim
Echelon Law Group, PC
150 Spear Street, Suite 825
San Francisco, CA 94105
Telephone: (415) 830-9462
Facsimile: (415) 762-4191
E-mail: tae.kim@echelaw.com

Adrian M. Pruetz
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Telephone: (310) 765 – 7650
Facsimile: (310) 765-7641
E-mail: ampruetz@pruetzlaw.com

*Attorneys for Plaintiff SPH America, LLC*


Brian S. Seal
HIGHBURY CHAPMAN LLC
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 508-1078
Facsimile: (202) 508-1478
E-mail: bsseal@hc-iplaw.com

Dated: July 14, 2009

- 18 -