**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

SPH AMERICA, LLC,

                Plaintiff,

     v.

APPLE, INC., *et al*.,

                Defendants.

CASE NO.  1:09-cv-776-LMB-JFA

---

**DEFENDANTS' BRIEF IN SUPPORT OF JOINT MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a) TO THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA**

---

      Defendants Motorola, Inc. ("Motorola"); Nokia, Inc. ("Nokia"); Palm Inc. ("Palm"); and

UTStarcom, Inc. ("UTStarcom") (referred to collectively as "Defendants" [1]) hereby respectfully

and jointly submit this brief in support of their Motion To Transfer Venue Pursuant To 28 U.S.C.

§ 1404(a) To The U.S. District Court For The Southern District Of California.

**I.       INTRODUCTION**

   SPH America has now filed six different lawsuits in this district.  Every single lawsuit has

either been voluntarily dismissed before the defendants answered, or has been transferred to the

U.S. District Court for the Southern District of California.  Just two months ago, this Court

transferred one of those lawsuits, involving all of the remaining Defendants in this case, to the

United States District Court for the Southern District of California.[2]  In transferring the *Acer*

---

[1] Defendants Nokia Corporation, Personal Communication Devices, LLC, ZTE Corporation, and
ZTE (USA), Inc. neither join nor oppose this motion.  SPH has also improperly named a
nonexistent entity, Vertu Group LLC.  Thus, Vertu Group LLC is not relevant to deciding this
motion.

[2] *See SPH Am., LLC v. Acer Corp., et al.*, No. 1:09-cv-00740-LMB-JFA, Dkt. 197 (Order
Granting Defs. Mot. To Transfer Venue) (hereafter "the *Acer* case") (Exh. 6 (Sommer Decl.) at
Exh. A).

case, this Court told Plaintiff: "[T]here should be a proper nexus to this jurisdiction and careful consideration given as to what defendants should be in that case."[3]  Nevertheless, SPH ignored this Court's advice and served its Complaint in this case on the same Defendants who had just been transferred to California.[4]  This case—like the *Acer* case—should be transferred to the Southern District of California under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interests of judicial economy.

As in the *Acer* case, a majority of the parties, third parties, and relevant witnesses reside in California, particularly, the Southern District of California.  Much of the proof relevant to the claims and defenses in this action will likely be found in the Southern District of California.  The named inventors are in California.  The patent owner is also in the Southern District of California.[5]  The prior patent owners are in California.  Nearly all of the Defendants have material contacts with California.  And, the Southern District of California is already managing litigation between the parties.  In contrast to the strong ties this case has with California, it lacks

---

[3] Tr. of Mot. Hearing before The Hon. Leonie M. Brinkema (Oct. 9, 2009) (hereafter "Hearing Tr. (Oct. 9, 2009)") at 19:17-20 (Sommer Decl., Exh. B).  This was not the first time a Court in this District transferred an action brought by SPH having little relation to this forum.  SPH first filed an action in this District in July 2008 against Kyocera Wireless Corp. ("Kyocera") and other defendants claiming patent infringement.  *See SPH Am., LLC v. High Tech Computer Corp., et al.*, No. 1:08-cv-702-GBL-JFA (docket sheet attached to Sommer Decl., Exh. C). Judge Lee transferred that case to the Southern District of California on Kyocera's motion because there were no meaningful contacts with Virginia and because key witnesses, including employees of third-party chip maker Qualcomm, were located in California.  *Id.*, Dkt. 94.

[4]  Inexplicably, SPH delayed serving the Complaint for three months.  *Compare* Dkt. 1, Complaint (filed July 14, 2009) *with* Dkt. 17 Affidavit of Service Returned Executed as to Motorola (indicating Motorola was served October 28, 2009).

[5] The current patent owner, Development Innovation Group, LLC, is not a named party.  If the patent owner retained any substantial rights to the patents-in-suit, it must be added as a party. *Textile Prods. v. Mead Corp.*, 134 F.3d 1481, 1484-85 (Fed. Cir. 1998).  If the patent owner is a necessary party, it would further support this motion because the patent owner appears to be located within the Southern District of California.

meaningful contacts with this forum.  Accordingly, the case should be transferred to the forum most convenient to the parties and the witnesses: the Southern District of California.[6]

## II.      FACTUAL BACKGROUND

### A.      The Patents-in-Suit and Technological Background

SPH filed the present action against 17 Defendants on July 14, 2009 asserting that Defendants sell mobile phones that infringe U.S. Patent Nos. 6,212,408 and 6,278,887 ("the '408 patent" and "the '887 patent," respectively).  SPH's assertions appear to focus on technology that:  (1) allows voice commands to control certain functions of mobile phones or telephone systems; and (2) battery-conservation by, for example, controlling the backlight for the display or keypad on mobile phones.

### B.      Procedural Posture

SPH's Complaint named 17 Defendants, which can be divided into ten groups based on their corporate affiliations: (1) Apple, (2) Casio, (3) Motorola, (4) Nokia, (5) Palm, (6) PCD, (7) Sharp, (8) Sony Ericsson, (9) UTStarcom, and (10) ZTE.  The Casio, Sharp, and Sony Ericsson Defendants have been voluntarily dismissed without prejudice,[7] consistent with SPH's pattern of nuisance litigation.  The remaining Defendants answered the Complaint last week.  No discovery has been served.

---

[6] While at this case should be transferred to the Southern District of California given the combination of material third party witnesses and party witnesses in that district, it can also be transferred to the Northern District of California, where defendants Palm and UTStarcom are located for the convenience of the parties and their witnesses.

[7] *See SPH Am. LLC v. Apple, Inc., et al.*, No. 1:09-cv-776-LMB-JFA (hereafter "*SPH v. Apple*"), Dkt. 15, 22, 55.  Additionally, Personal Communications Devices Holdings, LLC has been dismissed from the case.  *Id.* Dkt. 67.

## C.     The Defendants Lack Meaningful Contacts With This Forum.

As in *SPH America, LLC v. Acer Corp., et al.*, not one of the Defendants to this action is incorporated or principally does business in Virginia.[8]  Indeed, every defendant group in this case was also sued by SPH in the *Acer* case and the Court found there that "[t]he overwhelming core of defendants . . . is located in California."[9]  The same is true here.

Not one of the Defendants designs or manufacturers any of the accused products in Virginia.[10]  Moreover, it is unlikely that any witness with relevant information about any Defendant's accused products, prior art, or information significant to any claim or defense, resides in Virginia.

## D.     California Has A Strong Connection with This Lawsuit.

In sharp contrast to Virginia, California has significant ties to the majority of the defendants, potential witnesses (both party and third-party) and the subject matter of this lawsuit:

- Critical third party witnesses reside in or around San Diego, including two of the three named inventors (and the third named inventor apparently resides in Northern California);[11]

- The owner of the patents-in-suit is in the San Diego area, and predecessors-in-interest to the patents-in-suit are or were located in the Southern District of California;[12]

- All six remaining Defendant groups include entities that are incorporated, have their principal place of business, or are registered to do business in California;[13]

---

[8] *SPH v. Apple*, Dkt. 1 at ¶¶ 2-11 (allegations related to Defendants' state of incorporation and principal place of business).

[9] Sommer Decl., Exh. B (Hearing Tr. (Oct. 9, 2009) at 18:13-16).

[10] *See* Exh. 1 at ¶¶ 2, 7a (Chai Decl. (Motorola)); Exh. 3 at ¶ 2, 8 (Niemela Decl. (Nokia)); Exh. 4 at ¶¶ 3, 9a (Aghion Decl. (UTStarcom)); Exh. 5 at ¶¶ 7, 15-17 (Ranga Decl. (Palm)).

[11] *See* Sommer Decl., Exhs. D-G (Lexis printouts showing addresses where the inventors named on the asserted patents are believe to reside).

[12] *See* Sommer Decl., Exh. H.

- Two remaining Defendant groups have U.S. headquarters in California–Palm and UTStarcom;[14]

- Two remaining Defendant groups have sales and marketing personnel relating to the accused products in California—Palm and UTStarcom;[15]

- Two of the remaining Defendant groups—Motorola and Palm—have design and development activities relating to one or more of the accused products within California;[16] and

- SPH is currently litigating against all of the Defendant groups in the Southern District of California in the *Acer* litigation.

The chart below summarizes the extent of the relevant activity in California with respect to the Defendants.

| Defendant[17] | HQ/ offices in CA | Design in CA | Marketing/ Sales in CA |
|---|---|---|---|
| Motorola | Y | Y | |
| Nokia | Y | | |
| Palm | YY | Y | Y |
| Personal Comm'n Devices | | | |
| UTStarcom | YY | | Y |
| ZTE | | | |

---

[13] *See SPH v. Apple*, Dkt. 1 at ¶¶ 2, 6, 10 (Palm and UTStarcom have principal places of business in California); *see also* Exh. 1 at ¶ 5 (Chai Decl. (Motorola)); Exh. 3 at ¶ 5 (Niemela Decl. (Nokia)); Exh. 4 at ¶ 6 (Aghion Decl. (UTStarcom)); Exh. 5 at ¶ 4 (Ranga Decl. (Palm)).

[14] *See* Exh. 4 at ¶ 6 (Aghion Decl. (UTStarcom)); Exh. 5 at ¶ 4 (Ranga Decl. (Palm)). At the time this motion is being filed, Apple is still a party to this case. However, pending before the Court is a Joint Motion to Dismiss Apple Inc. With Prejudice, Dkt. 80.

[15] *See* Exh. 4 at ¶ 9b (Aghion Decl. (UTStarcom)); Exh. 5 at ¶ 16 (Ranga Decl. (Palm)).

[16] *See* Exh. 2 at ¶ 2-4 (Mundle Decl. (Motorola)); Exh. 15 at ¶ 14-15 (Ranga Decl. (Palm)).

[17] The information on this chart was gathered based on the declarations of Defendants and from public sources. "YY" designates a party with U.S. headquarters in California.

Each named inventors is located in California and two are located in the San Diego area: (1) William Y. Son (Poway, California); (2) Jong T. Chung (San Diego, California); and (3) Swan Chen (Cupertino, California).[18]  Moreover, there is an even stronger connection to California by the patent owner in this case than the *Acer* case previously transferred by this Court.  The patent owner, Development Innovation Group, LLC appears to share an address with Mr. Son in Poway, California, roughly 40 miles from the court house in San Diego.  Other predecessors-in-interest to the patents-in-suit, such as Doy LLC of San Diego, California, and the now-defunct Innovation Global Solution, Inc., another company once presided over by Mr. Son, also are or were based in the San Diego area. [19]

### E.        SPH's History of Bringing Suit in An Improper Forum

SPH's litigation activities are well-documented, including lawsuits against the same Defendants in this case.[20]  All of SPH's other lawsuits have either been voluntarily dismissed before the defendants answered, or were transferred to the Southern District of California.

Most recently, in *SPH America, LLC v. Acer Corp., et al.*, this Court found that "the single biggest group of Defendants is located in California," and that "[t]here's a significant number of witnesses who will be coming from California who are clearly directly involved in the issues in this case."[21]  If the *Acer* case belonged in court at all, this Court concluded that it would

---

[18] *See* Sommer Decl., Exhs. D-G.  Each of the documents showing the current whereabouts of the named inventors is believed to be accurate in that the addresses on these reports correspond to addresses on the inventors' signed declaration to the Patent Office. *See, e.g.*, Sommer Decl., Exh. I.

[19] While this case should be transferred to the Southern District of California given the combination of material third party witnesses and party witnesses in that district, it can also be transferred to the Northern District of California, where defendants Palm and UTStarcom are located for the convenience of the parties and their witnesses.

[20] *See SPH Am., LLC v. Acer Corp., et al.*, Dkt. 100, 2-3, 14-16, 23-24.

[21] Sommer Decl., Exh. B (Hearing Tr. (Oct. 9, 2009) at 19:13-17).

be the Southern District of California.[22]  In transferring the *Acer* case, the Court warned against forum shopping and told SPH:

> . . . I expect that when SPH files cases in this court, there should be a proper nexus to this jurisdiction and careful consideration given as to what defendants should be in that case . . . .[23]

Despite the Court's advice, SPH now seeks to prosecute this action before this Court against same Defendants, although many relevant witnesses are in California.

These Defendants are already actively defending themselves in the *Acer* case in the Southern District of California.  As discussed above, the *Acer* case is not the first case SPH has adjudicated in Southern California, with Judge Lee having transferred *SPH Am., LLC v. High Tech Computer Corp., et al.*, No. 1:08-cv-702-GBL-JFA to the Southern District of California. Thus, there is a nexus between the Southern District of California and a number of SPH's patent suits against some Defendants.  Moreover, many of the parties have already retained counsel in San Diego to defend themselves in that forum.  Because San Diego is the center of an ongoing dispute between SPH and these same defendants, SPH will be hard-pressed to argue that San Diego is still inconvenient to it.  Moreover, these Defendants should not be required to defend against SPH's claims in two different Courts on opposite sides of the country.

Maintaining this litigation in Virginia is not only inconvenient to SPH and Defendants, but it will be inefficient in administering justice too.  First, there is economy to the courts and to the parties to attempt to resolve these claims in a single Court, where, for example, alternative dispute resolution efforts may be consolidated for all of the pending SPH matters against the Defendants.  Second, forcing the parties to inform different counsel—one set in southern California and another set in the Eastern District of Virginia—of strategies related to litigating against a single plaintiff is inefficient and unnecessarily costly.

---

[22] *Id.* at 18:25-19:4.

[23] *Id.* at 19:17-20.

Because of these practical considerations, and because this Motion presents substantially the same issues as those already adjudicated in the *Acer* case, this case should be transferred to the Southern District of California.

### F.    SPH's Lack of Meaningful Contacts With This Forum.

All of the parties, including the Plaintiff, have weak or nonexistent ties to this forum. SPH, while incorporated in Virginia, is a non-practicing patent holding entity with no stronger tie to Virginia than to California.  SPH was created by Dr. Choongsoo Park, and is in the business of seeking royalties and fees for the alleged use of SPH's acquired patent rights.  SPH does not manufacture, sell, distribute, or otherwise provide any product in Virginia.  Nor does it appear to have any presence in Virginia beyond Mr. Park, the company's office in Vienna, Virginia, and another company employee whose testimony is likely not critical to this litigation.  Moreover, an even more compelling reason to transfer the case that was not present in the *Acer* case is that the current patent owner, Development Innovation Group, LLC, is located less than 40 miles from the court house in San Diego.

### III.    ARGUMENT

Section 1404(a) provides:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*See* 28 U.S.C. § 1404(a).  Just recently, in *In re Nintendo Co., Ltd.*, M-914 (Fed. Cir. Dec. 17, 2009), the Federal Circuit applied section 1404(a) and stated "that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo*, -- F.3d --, 2009 WL 4842589, *2 (Fed. Cir. Dec. 17, 2009).

This Court has recognized that in a patent infringement action, "the preferred forum is that which is the center of the accused activity . . . . [Thus, t]he trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its

production."  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999).

Similarly, the Federal Circuit has recognized that "[i]n patent infringement cases, the bulk of the

relevant evidence usually comes from the accused infringer.  Consequently, the place where the

defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech,*

*Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*,

425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)).  California, not Virginia, is clearly the center of

activity and the greater source of relevant proof for this action.

### A.      Transfer Is Appropriate Because This Action Could Have Been Brought in the Southern District of California.

As a threshold matter, this action could have been brought in the Southern District of

California.  For a patent infringement action, proper venue is defined in 28 U.S.C. § 1400(b) as

any "district where the defendant resides."  A corporation "resides" in any district in which it

was subject to personal jurisdiction at the time the action was filed.  28 U.S.C. § 1391(c).  As to

the particular claims brought by SPH, Defendants are no more subject to personal jurisdiction in

the Eastern District of Virginia than the Southern District of California.  Accordingly, SPH could

have brought this lawsuit in the Southern District of California in accordance with section

1404(a).[24]

### B.      Taken as a Whole, the Seven Factors Considered in the Transfer Analysis Weigh in Favor of Transfer to the Southern District of California.

When considering a motion to transfer pursuant to section 1404(a), courts in the Fourth

Circuit typically consider: (i) plaintiff's choice of forum, (ii) the convenience of witnesses, (iii)

the ease of access to sources of proof, (iv) the cost of obtaining the attendance of witnesses, (v)

the availability of compulsory process, (vi) the interest of having local controversies decided at

---

[24] SPH's reliance on a stream of commerce theory, and the allegation that all defendants to the action "earn substantial revenue each year selling [the accused devices] in the United States," suggests that SPH believes that all Defendants are amenable to jurisdiction and venue in the Southern District of California. (D.I. 1 ¶¶ 16-19; 22-23, 29-32, 35-37.)

home, and (vii) the interests of justice. *Southern Ry. Co. v. Madden*, 235 F.2d 198 (4th Cir. 1956); *see also BHP Int'l Inv. Inc. v. Online Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000); *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 593 (E.D. Va. 1991).   Among the several factors, principal considerations are the plaintiff's choice of forum, witness convenience and access to sources of proof, and the interest of justice. *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003).   The question of whether to transfer rests in the sound discretion of the court. *Southern Ry.*, 235 F.2d at 201.   In the instant case, each of the individual transfer factors either weighs heavily in favor of transfer or is neutral, demonstrating that this case, like the *Acer* case, should be transferred to the Southern District of California.

## 1. Plaintiff's Choice of Forum Is Not Entitled to Any Deference.

SPH's choice of this Court is not entitled to any deference because neither SPH nor Defendants have any significant contacts within this district relevant to this litigation.   A plaintiff's choice of forum is a relevant consideration only where "there is a connection between the forum and the plaintiff's claims that reasonably and logically supports the plaintiff's decision to bring the case in the chosen forum." *Alberta Telecomm. Research Ctr. v. Rambus Inc.*, No. 3:05-cv-789, 2006 WL 1049083, at *2 (E.D. Va. Apr. 12, 2006) (transfer order) (quoting *Samsung Electronics Co. Ltd. v. Rambus Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005).   "If there is little connection between the claims and [the chosen forum], that would militate against a plaintiff's chosen forum and weigh in favor of transfer to a venue with more substantial contacts." *Koh*, 250 F. Supp. 2d at 635.   Similarly, where the "cause of action is at best only tenuously related to [the chosen forum], plaintiffs' initial venue of choice will not impede transfer if the relevant § 1404(a) factors point to another forum." *Verosol*, 806 F. Supp. at 593; *see also GTE Wireless*, 71 F. Supp. 2d at 519 (the "preferred forum" for patent litigation is the "hub of activity centered around the [accused products'] production").

SPH can point to only two contacts with this forum:  the physical location of its office in Vienna, Virginia and retail sales of the accused products. [25]  Neither contact impedes transfer to a more appropriate forum.

But for the physical location of its office, SPH has no identifiable ties to this forum.  SPH did not even develop the patented technology, much less develop it in this forum.  SPH does not sell, manufacture, distribute, or otherwise practice the patents-in-suit in the Eastern District of Virginia.  Instead, SPH exists for the sole purpose of licensing the patents-in-suit to electronic device manufactures located outside of Virginia, including the targeted Defendants.  In more than one instance, this Court has recognized that such an inconsequential and tenuous contact did not require deference to SPH's choice of forum.[26]  And, on similar facts, the Federal Circuit ordered transfer, finding the transferee venue had a substantial interest in the litigation.  *See In re Hoffmann-La Roche, Inc.*, -- F.3d --, 2009 WL 4281965 (Fed. Cir. Dec. 2, 2009).

Similarly, retail sales of accused products in the forum, where those products are sold nationwide, is insufficient to establish a meaningful connection for purposes of venue.  *See In re Nintendo Co., Ltd.*, -- F.3d --, 2009 4842589, at *3 (Fed. Cir. Dec. 17, 2009) ("If the products were sold throughout the United States, as here, then the citizens of the venue chosen by the plaintiff have no more or less of a meaningful connection to the case than any other venue."); *In re Hoffmann-La Roche*, -- F.3d --, 2009 WL 4281965 ("[T]he sale of an accused product offered nation-wide does not give rise to a substantial interest in any single venue . . . ."); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318, 1321 (Fed. Cir. 2008) (finding where a product is sold throughout the United States, no venue has any more or less of a meaningful connection than any other due to sales in a particular venue); *Walker v. Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 119 (S.D.N.Y. 2005) ("Where the nexus of the allegedly infringing activity is in the

---

[25] *SPH Am., LLC v. Apple, Inc., et al.*, Dkt. 1 ¶¶ 14-23.

[26] *See SPH Am., LLC v. High Tech Computer Corp., et al.*, No. 1:08-cv-702-GBL-JFA, Dkt. 94 (docket attached to Sommer Decl., Exh. C; *SPH Am., LLC v. Acer Corp., et al.*, No. 1:09-cv-00740-MLMB-JFA, Dkt. 196.

transferee District, it is insufficient to find a connection" to the original forum "based solely on sales of the product that took place [there]."); *Energaire Corp. v. E.S. Originals, Inc.*, No. 99 C 3252, 1999 WL 1018039, at *3 (N.D. Ill. Oct. 27, 1999) ("sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states"). Furthermore, none of the remaining Defendants operate retail stores in Virginia.

The most significant § 1404 contacts for patent cases—including where the patented technology was developed and where the accused products were designed, manufactured, or marketed—all militate in favor of transfer of this case to the Southern District of California. In patent cases, courts will not defer to plaintiff's choice if a critical portion of the allegedly infringing activities (*e.g.*, the manufacture of accused products) occurs in the transferee jurisdiction. *See Paratek Microwave v. Agile Materials & Techs., Inc.*, 2005 WL 1367087, No. 04-2534, at *2 (D. Md. Jun. 7, 2005).

In *Paratek*, for example, the defendant moved to transfer a patent action from Maryland to the Central District of California, where it manufactured the accused products. *Id*. The defendant identified three California-based engineering, research and development witnesses for the technology used in the accused products. *Id*. The court ruled that the convenience of witnesses favored transfer even though the plaintiff had filed the case in its home forum. *Id*. The court also noted that important sources of proof—the defendant's employees and relevant documents and records related to the development and marketing of the disputed products—were located in California. *Id*. at *3. In transferring the case, the *Paratek* court followed this District's *"general rule"* that in patent cases, the "'preferred forum is that which is the center of the accused activity' because [the] 'trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity.'" *Id*. (quoting *GTE Wireless*, 71 F. Supp. 2d at 519); *See also Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 610 (E.D. La. 2000) (transferring patent case to Oregon from the plaintiff's home forum to ensure the court could have live testimony of the former employees of the defendant).

In the instant case, there can be no dispute that the patent-significant contacts are centered in California, and particularly the San Diego area. Based on the locations of the named inventors and the location of the original assignee of the patents-in-suit, the inventor's allegedly invented technology most likely originates from Southern California.[27] Similarly, several of the Defendants have headquarters or offices in California where the design, development, and marketing related work relevant to the accused products is performed.[28] None have headquarters or relevant offices in Virginia.

SPH's contacts with this forum are further weakened by the existence of the expansive and complex *Acer* case pending in the Southern District of California. In moving forward with that case (as well as the previously-transferred *SPH Am., LLC v. High Tech Computer Corp., et al.* case), SPH has established significant legal contacts in San Diego that mitigate any inconvenience in transferring the case.

> 2.    **The Convenience of the Parties and Witnesses Strongly Favors Transfer.**

The number of potential witnesses in this case that reside in and around California is, itself, sufficient to warrant transfer. Indeed, far more witnesses reside in California than in Virginia, and the California witnesses are those that possess the vast majority of the information necessary to resolve SPH's infringement allegations.

The convenience of witnesses is "often dispositive in transfer decisions." *Koh,* 250 F. Supp. 2d at 636. Moreover, not all witness testimony is treated equally in the court's analysis. For example, while inconvenience to a witness whose testimony is not essential is not afforded much weight, inconvenience to witnesses whose testimony is central to a claim and whose credibility is likely to be an important issue is given great weight. *See id.* Further, "[w]hen considering the convenience of witnesses, this court draws a distinction between party-witnesses

---

[27] *See* Sommer Decl., Exhs. E-G (inventor contact information).

[28] *See* Exh. 2 at ¶ 2-4 (Mundle Decl. (Motorola)); Exh. 4 at ¶ 9b (Aghion Decl. (UTStarcom)); Exh. 5 at ¶ 14-16 (Ranga Decl. (Palm)).

and non-party witnesses and affords greater weight to the convenience of non-party witnesses." *Lycos, Inc. v. TiVO, Inc*., 499 F. Supp. 2d 685, 693 (E.D. Va. 2007).

SPH's infringement allegations focus on how the accused products implement the patented technology. There are witnesses in California who are knowledgeable regarding the structure and operation of accused products and how the accused technology may be implemented in those products.[29]   In addition, there are witnesses in California who are knowledgeable regarding sales and marketing for accused products.[30]   Moreover, each of the named inventors and the current patent owner are located in California and are believed to have necessary discoverable information.[31]   These third parties do not appear to be affiliated with SPH. Given the greater weight generally afforded to the convenience of third-party witnesses, these important third-party witnesses located in Southern California weigh heavily in favor of transfer. *See, e.g., Lycos*, 499 F. Supp. 2d at 693.

For example, many defenses in patent cases are based on knowledge and information uniquely held by the named inventors. These defenses include, for example, inventorship (and, consequently, derivation under 35 U.S.C. § 102(f)), prior invention, best mode,[32] and inequitable

---

[29] *See, e.g.*, Exh. 2 at ¶ 2-4 (Mundle Decl. (Motorola)); Exh. 5 at ¶ 14-15 (Ranga Decl. (Palm)).

[30] *See* Exh. 4 at ¶ 9b (Aghion Decl. (UTStarcom)); Exh. 5 at ¶ 16 (Ranga Decl. (Palm)).

[31] The inventors will have information relevant to Defendants' defenses, including inventorship, prior invention, best mode, inequitable conduct, and derivation. *See, e.g., Brunig v. Hirose*, 161 F.3d 681, 686 (Fed. Cir. 1998) ("Satisfaction of the best mode requirement requires that the inventor disclose the best mode of carrying out the invention *known to him* at the time of filing. *See* 35 U.S.C. § 112, ¶ 1. This *subjective inquiry examines what was known to the inventor at the time of the filing of the application*." (emphasis added)); *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006) ("A patent may be rendered unenforceable for inequitable conduct if an applicant, *with intent to mislead or deceive the examiner*, fails to disclose material information or submits materially false information to the PTO during prosecution." (emphasis added)).

[32] *See, e.g., Brunig v. Hirose*, 161 F.3d 681, 686 (Fed. Cir. 1998) ("Satisfaction of the best mode requirement requires that the inventor disclose the best mode of carrying out the invention *known to him* at the time of filing. *See* 35 U.S.C. § 112, ¶ 1. This *subjective inquiry examines what was known to the inventor at the time of the filing of the application*." (emphasis added)).

conduct.[33] Discovery related to these defenses will require the testimony of the named inventors, all of whom are believed to reside in California—one actually in San Diego, and another within 40 miles of San Diego.

Discovery will also be necessary to ascertain whether SPH has standing to sue in its own name. SPH admits that it is not the patent owner.[34] To have standing to sue, SPH must hold all exclusionary rights and all "substantial rights" to the patents-in-suit. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007). The entity that actually owns the patents-in-suit—Development Innovation Group, LLC—appears to share an address with named inventor Mr. William Son only 40 miles outside San Diego. Consequently, discovery from Development Innovation Group, and other California-based entities that previously owned the two patents-in-suit will be necessary early in this case to determine whether SPH has standing to sue. Moreover, to the extent discovery is needed from entities in California, the Southern District of California has the power to compel attendance of the numerous California-based third-party witnesses, who would be outside the subpoena power of this Court. *See* Fed. R. Civ. P. 45; Cal. Civ. Proc. Code § 1989 (allowing statewide service of process in California).

In contrast to these significant third-party witnesses, SPH can only identify *one* potential witness with relevant information who does not reside in California—Dr. Park. SPH undoubtedly will identify Dr. Park's residence in Virginia as a basis for arguing that transfer would be inconvenient. But Dr. Park's testimony will likely be limited in scope (*e.g.*, purchase of the rights in the patents-in-suit, his pre-suit investigation into infringement, licenses granted to others under the patents-in-suit), and will not touch on the key issues of infringement or validity. Moreover, Dr. Park will already be traveling to San Diego for the *Acer* case. He will likely be

---

[33] *See, e.g.*, *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006) ("A patent may be rendered unenforceable for inequitable conduct if an applicant, *with intent to mislead or deceive the examiner*, fails to disclose material information or submits materially false information to the PTO during prosecution." (emphasis added)).

[34] *See SPH Am. v. Apple, Inc., et al.*, No. 1:09-cv-00776-LMB-JFA, Dkt. 1, Compl. at ¶ 1 ("SPH . . . is the exclusive licensee having all substantial rights" in the patents-in-suit).

working with the same lawyers on that case.  Thus, Dr. Park's alleged "convenience" of conducting bi-costal litigation against the same parties and some of the same accused products is substantially outweighed by the actual convenience of the numerous party and third-party witnesses in and near California whose testimony lies at the heart of this dispute.  Thus, this factor weighs heavily in favor of transfer in this case, as it did in the *Acer* case.

### 3.   The Ease of Access to Sources of Proof Favors Transfer.

Coupled with the convenience of witnesses, the parties' "access to sources of proof is 'often dispositive' in § 1404(a) motions."  *Kabat v. Bayer Cropscience LP*, 2008 WL 2156744, *3 (E.D. Va. May 22, 2008) (citing *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003)).  Indeed, "[i]n a patent infringement action, as a general rule 'the preferred forum is that which is the center of the accused activity . . .  [t]he trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.'"  *GTE*, 71 F. Supp. 2d at 519 (transferring action from Eastern District of Virginia to Southern District of California).  Here, the "center of accused activity," including the sources of proof (*e.g.*, documents and witness testimony) is clearly California, and more particularly, the Southern District of California.

As described above, there are many party and non-party witnesses in California with relevant knowledge.  Those witnesses, and the parties with which they are affiliated, also have documents.  For example, Motorola, UTStarcom, and Palm all have documents in their California facilities and in the possession of their witnesses relevant to this action.[35]  Documents and one or more witnesses related to the incorporation of voice command features on the accused Motorola V950 mobile phone can be found in Motorola's San Diego, California facilities.[36]  Some of the same products at issue in this case are also at issue in the *Acer* case.  Thus,

---

[35] *See* Exh 1 at ¶ 5 (Chai Decl. (Motorola)); Exh. 2 at ¶¶ 3-5 (Mundle Decl. (Motorola); Exh. 4 at ¶ 9 (Aghion Decl. (UTStarcom)); Exh. 5 at ¶¶ 15-16 (Ranga Decl. (Palm)).

[36] *See* Exh. 2 at ¶¶ 2-4 (Mundle Decl. (Motorola)).

documents related to these products may be made available in San Diego for the *Acer* case too. Documents involving the invention of the patented technology will also likely be found in California where the inventors and the patent owner are located.[37]   Because California affords much better access to sources of proof—and some of that proof is available in San Diego whereas nearly no relevant proof is available in this forum—this case should be transferred there.

### 4.      The Interests of Justice Favor Transfer.

"[T]he principal factor animating a transfer under §1404(a) is the 'interest of justice' factor."  *Alberta,* 2006 WL 1049083, at *3.  The interest of justice "encompasses a number of factors including 'public interest factors aimed at 'systemic integrity and fairness.'"  *Id.*  Courts in this District recognize that, among the considerations to be taken into account in ascertaining systemic integrity is "the assessment of whether a party is attempting to 'game the federal courts through forum manipulation.'"  *Id*. (citation omitted).  In *Alberta*, for instance, Judge Payne found transfer to the Southern District of California was appropriate where the plaintiff had engaged in forum manipulation by "pressing . . . a claim with…very little connection to the forum".  *Id.*

Here, SPH is pressing infringement claims that have "very little connection" to the Eastern District of Virginia—***again***.   The apparent sole basis for filing this action in Virginia is the fact that SPH maintains an office in Vienna, Virginia.  This "connection," however, is grossly outweighed by the numerous party and non-party witnesses located in California.

In addition, as a matter of judicial efficiency, it would be most practical for this case to be before the same court and possibly the same judge as the *Acer* case.  The two cases can likely be more efficiently managed if they are in the same court.  Moreover, mandatory alternative dispute resolution procedures are more likely to resolve the totality of the litigation between SPH and the Defendants if both cases are pending in the same court.

---

[37] *See* Sommer Decl., Exhs. E-H.

### 5. The Remaining Factors Do Not Weigh Against Transfer.

As set forth above, the Southern District of California is a more convenient forum because relevant witnesses are located in that forum. Few, by comparison, are located in Virginia. The time and money required for travel to the Southern District of California is similar to travel to the Eastern District of Virginia for some party witnesses that are outside of both districts. And, some of the party witnesses may need to travel to California for the *Acer* case already. Indeed, counsel may be able to coordinate depositions and discovery in that forum as a means for reducing any necessary travel time and costs.

The Court's interest in having local controversies decided at home is applied typically where issues of local law must be decided. *See Coors Brewing Co. v. Oak Beverage, Inc.*, 549 F. Supp. 2d 764, 773 (E.D. Va. 2008) (holding that factor weighed in favor of transfer to New York because case required interpretation of New York statute). Here, SPH's causes of action all sound under federal patent law, which Virginia has no greater interest in than California. To the extent any state law issues are implicated, they will likely involve the prior assignments of the patents between California-based companies. Thus, it is unlikely that the Court would be required to interpret any issues of Virginia law in this litigation. Accordingly, the Court's interest in this matter is neutral.

## IV. CONCLUSION

Because the principal factors under §1404(a), the convenience of the parties and witnesses and the interests of justice, favor transfer to the Southern District of California, Defendants respectfully requests that the Court grant their Motion to Transfer.

**MOTOROLA, INC.**

Of Counsel:

By: ___*/s/ Andrew R. Sommer*_____

Jonathan E. Retsky (*pro hac vice*)
**HOWREY LLP**
321 North Clark Street
Suite 3400
Chicago, Illinois 60654
Tel: (312) 595-1239
Fax: (312) 595-2250
Email: RetskyJ@howrey.com

Gregory J. Commins, Jr. (*pro hac vice pending)*
**HOWREY LLP**
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: 202-383-6963
Fax: 202-383-9858
ComminsG@howrey.com

Andrew R. Sommer (VSB # 70304)
**HOWREY LLP**
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: 202-383-6950
Fax: 202-383-9858
SommerA@howrey.com

*Counsel for Motorola, Inc.*

**FOR DEFENDANTS NOKIA INC.**

Of Counsel:                                    By: ___/s/ Craig C. Rielly_____

Keith E. Broyles
Georgia Bar No. 090152                         Craig Crandall Reilly (VSB 20942)
keith.broyles@alston.com                       Craig.reilly@ccreillylaw.com
John D. Haynes                                 Law Office of Craig C. Reilly
Georgia Bar No. 340599                         111 Oronoco Street
john.haynes@alston.com                         Alexandria, VA 22314
ALSTON & BIRD LLP                              Tel: 703.549.5354
1201 West Peachtree Street                     Fax: 703.549.2604
Atlanta, GA 30309-3424
Tel: 404.881.7000
Fax: 404.881.7777                              *Counsel for Nokia Inc.*

Michael J. Newton
Texas Bar No. 24003844
mike.newton@alston.com
ALSTON & BIRD LLP
Chase Tower
2200 Ross Avenue, Suite 3601
Dallas, TX 75201
Tel: 214.922.3407
Fax: 214.922.3899

**PALM, INC.**

By Counsel

*/s/David E. Finkelson*
Robert M. Tyler (VSB No. 37861)
David E. Finkelson (VSB No. 44059)
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Telephone:  (804) 775-1000
Facsimile:  (804) 775-1061
Email:  rtyler@mcguirewoods.com
Email:  dfinkelson@mcguirewoods.com

Michael M. Markman (*Pro Hac Vice*)
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Telephone:  (415) 591.6000
Facsimile:  (415) 591.6091
Email:  mmarkman@cov.com

David A. Garr (*Pro Hac Vice*)
Covington & Burling LLP
1201 Pennsylvania Ave. NW
Washington, DC 20004
Telephone:  (202) 662-6000
Facsimile:  (202) 662.6291
Email: dgarr@cov.com

*Counsel for Defendant Palm, Inc.*

**UTStarcom, Inc.**

By:   __/s/ Dana D. McDaniel_____
Dana D. McDaniel (VSB No. 25419)
Email:  dmcdaniel@spottsfain.com
M. F. Connell Mullins, Jr. (VSB No. 47213)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia  23219
Phone:  (804) 697-2065
Fax:  (804) 697-2165

**LISTING OF EXHIBITS TO DEFENDANTS' MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| Exhibit | Description |
|---|---|
| 1 | Declaration of Hwee Voon Chai in Support of Motion to Transfer Under 28 U.S.C. § 1404(a) [MOTOROLA, INC.] |
| 2 | Declaration of Maithily Mundle in Support of Motion to Transfer Under 28 U.S.C. § 1404(a) [MOTOROLA, INC.] |
| 3 | Declaration of Jari Niemmela in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [NOKIA, INC.] |
| 4 | Declaration of Victor Aghion (UTStarcom) in Support of Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [UTSTARCOM, INC.] |
| 5 | Declaration of Rajan Ranga (Palm) Re Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [PALM, INC.] |
| 6 | Declaration of Andrew R. Sommer in Support of Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the U.S. District Court for the Southern District of California [including exhibits A-I].<br><br>• Exhibit A:  *SPH Am., LLC. v. Acer Corp., et al.*, No. 1:09-cv-00740-LMB-JFA, Dkt. 197 (Order Granting Defs. Mot. To Transfer Venue)<br><br>• Exhibit B:  Excerpts from Transcript of Hearing Before Hon. Leonie M. Brinkema (Oct. 9, 2009)<br><br>• Exhibit C:  Docket for *SPH Am., LLC v. High Tech Computer Corp., et al.*, No. 1:08-cv-702-GBL-JFA<br><br>• Exhibit D: Cover pages of U.S. Patent Nos. 6,212,408 and 6,278,887<br><br>• Exhibit E:  Address for William Y. Son<br><br>• Exhibit F:   Address for Jong T. Chung<br><br>• Exhibit G:  Address for Swan Chen<br><br>• Exhibit H:  U.S. Patent & Trademark Office Assignment Records reflecting the addresses of assignees of the asserted patents including patent owner Development Innovation Group, LLC<br><br>• Exhibit I:  Copy of Declarations Submitted to the U.S. Patent & Trademark Office in connection with the asserted patents |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2010 the foregoing document filed through the ECF

system will be sent electronically to the registered participants as identified on the Notice of

Electronic Filed (NEF):

| | |
|---|---|
| **Kyongtaek Kevin Mun**<br>Echelon Law Group PC<br>1919 Gallows Road<br>Suite 330<br>Vienna, VA 22182<br>703-496-5559<br>Fax: 703-579-0105<br>Email: kevin.mun@echelaw.com | **David Brendan Lacy**<br>**Henry Irving Willett, III**<br>**Rowland Braxton Hill, IV**<br>Christian & Barton LLP<br>909 E Main St<br>Suite 1200<br>Richmond, VA 23219<br>(804) 697-4121<br>Email: dlacy@cblaw.com<br>Email: hwillett@cblaw.com<br>Email: bhill@cblaw.com |
| **David Evan Finkelson**<br>**Robert Michael Tyler**<br>McGuireWoods LLP<br>901 E Cary St<br>Richmond, VA 23219-4030<br>(804) 775-1157<br>Email: dfinkelson@mcguirewoods.com<br>Email: rtyler@mcguirewoods.com | **Melanie Diana Coates**<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>1875 Pennsylvania Ave NW<br>Washington , DC 20006<br>202-663-6000<br>Fax: 202-663-6363<br>Email: melanie.coates@wilmerhale.com |
| **Michael J. Lockerby**<br>Foley & Lardner LLP (DC)<br>3000 K St NW<br>Suite 500<br>Washington , DC 20007-5143<br>(202) 672-5300<br>Fax: (202) 672-5399<br>Email: mlockerby@foley.com | **Caitlin Kilday Lhommedieu**<br>McGuireWoods LLP (McLean)<br>1750 Tysons Blvd<br>Suite 1800<br>McLean , VA 22102-4215<br>703-712-5489<br>Fax: 703-712-5281<br>Email: clhommedieu@mcguirewoods.com |

| | |
|---|---|
| **Dana Duane McDaniel**<br>Spotts Fain PC<br>411 E Franklin St, Suite 600<br>PO Box 1555<br>Richmond , VA 23218-1555<br>(804) 697-2065<br>Fax: (804) 697-2165 | **Craig Crandall Reilly**<br>Law Office of Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA 22314<br>703-549-5354<br>Fax: 703-549-2604<br>Email: craig.reilly@ccreillylaw.com |
| **Charles Connor Crook , III**<br>Boyle Bain Reback & Slayton<br>420 Park Street<br>Charlottesville , VA 22902<br>434-977-6155<br>Fax: 434-977-3298<br>Email: connor.crook@bbrs.net | |

I further certify that the foregoing document is being mailed by U.S. mail to the following non-filing users:

| | |
|---|---|
| **Tae Kim**<br>**Andrew Choung**<br>Echelon Law Group PC<br>150 Spear St<br>Suite 825<br>San Francisco, CA 94105<br>415-830-9462<br>Fax: 415-762-4191<br>Email: tae.kim@echelaw.com<br>Email: andrew.choung@echelaw.com | **David Garr**<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>202-662-6000<br>Fax: 202-778-5250<br>Email: dgarr@cov.com |
| **Michael Markman**<br>Covington & Burling LLP<br>One Front Street<br>San Francisco, CA  94111<br>415-591-6000<br>Fax: 415-955-6520<br>Email: mmarkman@cov.com | **Nicole Cunningham**<br>**Kurt Kjelland**<br>**David Kleinfeld**<br>**Steven Moore**<br>Foley & Lardner<br>11250 El Camino Real<br>San Diego, CA  92130<br>858-847-6700<br>Fax: 858-792-6773<br>Email: ncunningham@foley.com<br>Email: kkjelland@foley.com<br>Email: dkleinfeld@foley.com<br>Email: samoore@foley.com |

| **Mark Selwyn** | **Louis Tompros** |
|---|---|
| Wilmer Cutler Pickering Hale & Dorr | **William Lee** |
| 1117 S. California Ave | Wilmer Cutler Pickering Hale & Dorr |
| Palo Alto, CA  94304 | 60 State Street |
| 650-858-6000 | Boston, MA  02109 |
| Fax: 650-858-6100 | 617-526-6000 |
| Email: mark.selwyn@wilmerhale.com | Fax: 617-526-5000 |
| | Email: louis.tompros@wilmerhale.com |
| | Email: william.lee@wilmerhale.com |

*/s/ Andrew R. Sommer*
Andrew R. Sommer
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: 202-383-6950
Fax: 202-383-9858
SommerA@howrey.com